IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT PINHOLSTER and LUIS MACIEL,<br><br>  Plaintiffs,<br><br>  v.<br><br>DONALD SPECTER, STEVEN FAMA and PRISON LAW OFFICE,<br><br>  Defendants.<br>_____/ | No. C 05-05213 WHA<br><br>**ORDER DENYING MOTION TO REMAND AND DENYING MOTION TO DISMISS** |

## INTRODUCTION

In this attorney-malpractice action filed by condemned inmates, plaintiffs move to remand the case on the grounds that this Court lacks removal jurisdiction under 28 U.S.C. 1441(b). Having reviewed defendants' notice of removal, this Court concludes that it has federal subject-matter jurisdiction over this action. Plaintiffs' motion to remand is **DENIED**. In addition, defendants have filed a Rule 12(b)(6) motion to dismiss plaintiffs' claims. This order treats defendants' motion to dismiss also as a motion to remand. For the following reasons, this motion is also **DENIED**.

## ANALYSIS

**1.  REMOVAL JURISDICTION.**

Plaintiffs originally filed their complaint in the Superior Court of California for the County of Marin against defendants who serve as class counsel for prisoners at San Quentin. Defendants subsequently removed the action to this Court, asserting federal jurisdiction under

1  28 U.S.C. 1441(b). Removal is permissible where a claim brought in state court seeks to attack
2  or undermine an order of a federal district court. *See Wilson v. City of San Jose*, 1995 WL
3  241452, at *5 (N.D. Cal. Apr. 14, 1995) (citing *Baccus v. Parrish*, 45 F.3d 958, 960 (5th Cir.
4  1995)). In their complaint, plaintiffs challenge the legality of the existing consent decree and
5  seek relief from its classification provisions (Compl. 5–7). Plaintiffs' claims constitute a valid
6  collateral attack on the substance of the *Thompson* consent decree. This Court therefore has
7  proper removal jurisdiction over this action.

8  **2.   SUBSTANCE OF PLAINTIFFS' CLAIMS.**

9  The gravamen of plaintiffs' complaints is that defendants have not provided effective
10 assistance of counsel and have failed to protect the constitutional and state-created rights of the
11 prisoner class in *Thompson*, specifically Grade B inmates. Furthermore, plaintiffs allege that
12 the *Thompson* consent decree's classification provisions violate Title 15 of the California Code
13 of Regulations and are constitutionally defective.

14 In their motion to dismiss, defendants argue that plaintiffs' claims are barred by the
15 doctrine of collateral estoppel (Br. 5–8). To support their contention, defendants rely on
16 *Golden v. Pac. Mar. Ass'n*, 786 F.2d 1425 (9th Cir. 1986). In *Golden*, a named class
17 representative in a federal class action that had resulted in a consent decree filed a malpractice
18 action against class counsel in state court. *Id.* at 1426. The plaintiff alleged that defendant had
19 misrepresented to him that the prior class action was not, in fact, a class action and that
20 defendant had falsely declared to the court that the plaintiff had approved of the class action.
21 *Ibid.* The district court enjoined the state malpractice action pursuant to the Anti-Injunction
22 Act, 28 U.S.C. 2283. *Ibid.* The Ninth Circuit affirmed, holding that the plaintiff had a full and
23 fair opportunity to litigate the same issues in the *Golden* class action in fairness hearings. *Id.* at
24 1427. The court also found an inference of harassment. *Ibid.*

25 Defendants' reliance on *Golden* is misplaced considering *Golden* is factually
26 distinguishable from this case. The plaintiff in *Golden* was a named class representative in the
27 class action at issue. Here, plaintiffs are unnamed class members. Furthermore, the plaintiff in
28 *Golden* previously objected to the attorney's competency during fairness hearings, which led

2

the court to make specific findings regarding the class counsel's competency. Plaintiffs in this case have not had the same opportunity to object to the *Thompson* consent decree.

Defendants also argue that plaintiffs may seek relief from the consent decree only through intervention, objection or a collateral equitable action limited to the question of adequacy of representation (Br. 8–9). Plaintiffs have since moved to intervene in the *Thompson* action. Plaintiffs' requests to intervene were denied, however, because this Court determined that Intervenor Freddy Fuiava would adequately represent plaintiffs' interests.

Finally, defendants contend that they do not owe plaintiffs a duty to prevent conduct by prison officials (Br. 9–10). Defendants argue that class counsel do not have a duty to ensure that the consent decree produces optimal results for each individual class member (Br. 9–10). This may or may not be correct. This order does not resolve the issue.

## CONCLUSION

For the reasons stated, plaintiffs' motion to remand is **DENIED**. Defendants' motion to dismiss is also **DENIED**.

**IT IS SO ORDERED.**

Dated: October 24, 2006

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE